UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER HOLINBECK, individually and as parent and guardian for S.H., a minor child; A.H., a minor child; and D.M., a minor child; and SALVADOR ROSALES, individually,<br><br>          Plaintiffs,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY, a Liberty Mutual Company, foreign insurers doing business in Washington state; FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a foreign corporation doing business in Washington State,<br><br>          Defendants. | NO. 4:18-CV-5015-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS, GRANTING PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING AS MOOT PLAINTIFFS' MOTION TO STRIKE |

BEFORE THE COURT are Defendants' Motion to Dismiss (ECF No. 11),

Plaintiffs' Cross-Motion for Partial Summary Judgment (ECF No. 19), and

Plaintiffs' Motion to Strike Defendants' Reply to Plaintiffs' Response to

Defendants' Motion to Dismiss (ECF No. 30).  These matters were heard with oral argument on May 15, 2018.  The Court has reviewed the record and files herein, and is fully informed.  For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 11) is **DENIED**, Plaintiffs' Cross-Motion for Partial Summary Judgment (ECF No. 19) is **GRANTED**, and Plaintiffs' Motion to Strike (ECF No. 30) is **DENIED as moot**.

## BACKGROUND

On January 23, 2018, Plaintiffs Heather Holinbeck; her minor children, S.H., A.H., and D.M.; and Salvador Rosales filed this Complaint against Defendants Safeco Insurance Company and First National Insurance Company of America. ECF No. 1.  Plaintiffs allege breach of duties under the Insurance Fair Conduct Act (IFCA) in violation of RCW 48.30.010, breach of fiduciary duty, breach of contract, breach of the Consumer Protection Act (CPA) in violation of RCW 19.86 *et seq.*, breach of good faith duty in violation of RCW 48.30.010, and negligence. *Id.* at ¶¶ 4.2-4.7.  Plaintiffs seek damages under the IFCA and punitive damages. *Id.* at ¶¶ 5.3-5.4.

In the instant motion, Defendants move to dismiss all of Plaintiffs' claims. ECF No. 11.  Plaintiffs filed a response and Cross-Motion for Partial Summary Judgment regarding Plaintiffs' alleged failure to cooperate.  ECF No. 19.

# FACTS[1]

On September 12, 2017, Plaintiffs were injured in an automobile collision in Benton County, Washington. ECF No. 1 at ¶¶ 3.1, 3.2. At the time of the injury, Ms. Holinbeck and Mr. Rosales had Personal Injury Protection (PIP) coverage under their policy with Defendant Safeco Insurance Company, which extended to the minor children. ECF Nos. 1 at ¶ 3.5; 11-1 at 30-33 (Ex. 1). The policy provided for $10,000 of personal injury benefits to each and every Plaintiff for medical and hospital benefits. ECF Nos. 1 at ¶ 3.5; 11-1 at 32. On September 12, 2017, Safeco was put on notice regarding the collision and injuries, and a PIP claim was opened. ECF No. 1 at ¶ 3.6. The Plaintiffs visited Kadlec Medical Center emergency room immediately following the collision, but Plaintiffs allege that all medical bills were inexplicably denied by Safeco. *Id.*

On October 9, 2017, Traci Johnson from Safeco's Special Investigations Unit requested recorded statements from all Plaintiffs, further inspection of Ms.

---

[1] The following facts are drawn from Plaintiffs' Complaint and are accepted as true for the purposes of Defendants' Motion to Dismiss. Defendants' facts are also noted and considered in analyzing Plaintiffs' Cross-Motion for Partial Summary Judgment.

Holinbeck's vehicle, copies of all medical records and bills, and copies of prior medical records. ECF Nos. 1 at ¶ 3.7; 26-1 (Ex. A). On October 16, 2017, Ms. Johnson again requested statements, inspection of the vehicle, and prior medical records. ECF Nos. 1 at ¶ 3.8; 26-3 (Ex. C). In the interim, Plaintiffs allege that Safeco refused to pay any treatment related medical bills. ECF No. 1 at ¶¶ 3.8. Ms. Holinbeck states that the vehicle was no longer in her possession. *Id.* at ¶ 3.10.

On October 25, 2017, Ms. Johnson took statements from all the Plaintiffs, including the minor children.[2] ECF Nos. 1 at ¶ 3.9; 26 at ¶¶ 12, 14. Plaintiffs allege that Ms. Johnson's conduct was inappropriate and harassing in nature towards Ms. Holinbeck and the children. ECF No. 1 at ¶ 3.9. Plaintiffs state that Ms. Johnson questioned the children for three hours,[3] which included inappropriate questions related to massage therapy, whether they were made to take their clothes

---

[2]    The Complaint states that Ms. Johnson took statements on October 5, 2017, but Plaintiffs admit that this was a typographical error. ECF No. 19 at 4.

[3]    Defendants contend that the questioning of all five claimants took three hours, not just the questioning of the children. ECF Nos. 25 at 5; 26 at ¶ 16. Ms. Johnson stated that the three hours was in part due to multiple breaks requested by Plaintiffs and their counsel. ECF No. 26 at ¶ 16.

off, and whether the massage therapist touched them and made them uncomfortable. *Id.* Plaintiffs assert that Ms. Johnson also asked the children unrelated questions about their biological fathers.[4] ECF Nos. 1 at ¶ 3.9; 26 at ¶ 15. Ms. Johnson wanted to reconvene to ask more questions and allegedly threatened that she would force them to present for a statement under oath if she did not get her way. ECF No. 1 at ¶ 3.9.

On October 31, 2017, correspondence was forwarded to Safeco outlining the inappropriate, harassing, and irrelevant recorded statement. Plaintiffs implored Safeco to cease their demands for further statements. ECF Nos. 1 at ¶ 3.11; 20-3 (Ex. 3). On November 7, 2017, Safeco demanded an examination under oath (EUO) of Ms. Holinbeck and continued to refuse to pay the medical bills. ECF No. 1 at ¶ 3.12. Plaintiffs state that the correspondence referenced the collision as being a "low speed impact" and Safeco had "questions and concerns as to the causal connection between this accident and the injuries being claimed." ECF No. 1 at ¶ 3.12; 26-1 at 2 (Ex. A); 26-3 at 2 (Ex. C).

---

[4] Defendants assert that the questioning was relevant to determine whether there are other individuals who were aware of the children's medical condition following the accident. ECF Nos. 25 at 9; 26 at ¶ 15.

On November 10, 2017, Safeco retained an attorney, Daniel Thenell, who again demanded an additional statement by Ms. Holinbeck.  ECF No. 1 at ¶ 3.13. On November 14, 2017, Mr. Thenell indicated that he had omitted an additional document request by Safeco of A.H.'s signed medical authorizations.  *Id.* at ¶ 3.14. On November 16, 2017, Plaintiffs sent Safeco a letter outlining their bad faith actions and an IFCA 20 day notice.  ECF Nos. 1 at ¶ 3.15; 20-6 (Ex. 6); 27-1 (Ex. A).  Plaintiffs allege that Safeco conducted surveillance on the Plaintiffs, including the children while attending school, and flew a drone over their residence.[5]  ECF No. 1 at ¶¶ 3.15, 3.19.  Plaintiffs also included a notice of intent to arbitrate Safeco's denial of PIP benefits and notice of intent to depose Ms. Johnson.  *Id.*  On November 28, 2017, Safeco denied Plaintiffs' arbitration request and denied any act of bad faith towards Plaintiffs.  *Id.* at ¶ 3.16.  Safeco again demanded an additional recorded statement by Ms. Holinbeck.  *Id.*

Plaintiffs allege that Safeco has continued its denials of all medically necessary and related treatment on behalf of Plaintiffs.  *Id.* at ¶ 3.17.  On December 11, 2017, Ms. Holinbeck submitted a statement under oath to Safeco.  ECF Nos. 1 at ¶ 3.18; 27-2 (Ex. B).  Plaintiffs allege that Ms. Holinbeck was berated and asked irrelevant and sensitive questions, including being a victim of a prior crime.  *Id.*

---

[5]     Defendants deny that they surveilled Plaintiffs in any way.  ECF No. 25 at 9.

On December 19, 2017, Safeco sent a correspondence demanding that Plaintiffs, including the minor children, attend independent medical examinations (IMEs). ECF Nos. 1 at ¶ 3.20; 27-3 (Ex. C).

Plaintiffs allege that since Safeco has failed to cure its violations, they were forced to commence this litigation to obtain their contractual PIP benefits, including coverage for the minor children. ECF No. 1 at ¶ 3.21. On April 25, 2018, Defendants sent a letter to Plaintiffs' counsel with five checks for payment of emergency medical treatment, but reserved the right to continue to defend allegations contained with its defense. ECF No. 27-5 at 1 (Ex. E). Defendants emphasize that they are not confirming nor denying coverage and the payments only regard the hospital ER treatment the day of the collision. ECF No. 20-10 (Ex. 10).

## DISCUSSION

### I. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to

provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

### A. Cooperation Clause

Defendants allege that Plaintiffs have failed to cooperate with Defendants' investigation. ECF No. 11 at 6. Plaintiffs assert that a motion to dismiss is procedurally improper because failure to cooperate is a factual dispute that requires the Court to consider evidence outside the Plaintiffs' Complaint. ECF No. 19 at 10.

The Washington Supreme Court has held that an insured who "substantially and materially breaches a cooperation clause is contractually barred from bringing suit under the policy if the insurer can show it has been actually prejudiced." *Staples v. Allstate Ins. Co.*, 176 Wash.2d 404, 410 (2013) (internal quotations and

citation omitted).  The insurer has the burden of proving noncooperation.  *Id.*  "A

claim of actual prejudice requires affirmative proof of an advantage lost or

disadvantage suffered as a result of the [breach], which has an identifiable

detrimental effect on the insurer's ability to evaluate or present its defenses to

coverage or liability."  *Id.* at 419 (internal quotation marks and citation omitted).

Prejudice is presumed only in extreme cases and "is an issue of fact that will

seldom be established as a matter of law."  *Id.*

Here, the agreement states in relevant part:

B.  A person seeking any coverage must:
1.  Cooperate with us [the insurer] in the investigation, settlement or defense of any claim or suit …
3.  Submit, as often as we reasonably require:
a. to physical examination by physicians we select.  We will pay for these exams.
b. to examination under oath and subscribe to the same.  We may examine any **insured** separately and apart from the presence of any other **insured**.
4.  Authorize us to obtain:
a. medical records; and
b. other pertinent records.
5.  Submit a proof of loss, under oath if requested, when required by us.
C.  A person seeking Personal Injury Protection Coverage must …
2. Submit to, when and as often as we reasonably require, physical exams by physicians we select. We will pay for these exams.
3. Give us:
a. prompt written proof of claim, under oath if required; and
b. any other information which may assist us in determining the amount due and payable.
4. Give us authorization to enable us to obtain:
a. medical reports;
b. copies of records; and

c. information regarding loss of income as a condition for receiving income continuation.

ECF No. 11-1 at 42-43 (emphasis in original).

Defendants contend that Plaintiffs failed to cooperate with their investigation and attempts to obtain recorded statements.[6] ECF Nos. 11 at 6-7; 25 at 8. Plaintiffs argue that Defendants cannot affirmatively demonstrate as a matter of law based solely on Plaintiffs' Complaint that they failed to cooperate and that Defendants suffered prejudice. ECF No. 19 at 12.

The Court agrees with Plaintiffs that Defendants' argument is not appropriately before the Court on a motion to dismiss. Plaintiffs' Complaint does not provide sufficient evidence for the Court to make a determination on cooperation and it is the insurer's duty to provide such evidence, which would more appropriately be considered on a motion for summary judgment. The Court

---

[6] Defendants withdrew portions of their Motion to Dismiss related to non-cooperation for failure to allow a re-inspection of the vehicle and the Court will thus not consider these arguments in Defendants' Motion. *See* ECF Nos. 11 at 6-7; 25 at 8-9.

notes that Defendants only cite cases where the court considered a motion for summary judgment, not a motion to dismiss. *See* ECF No. 11 at 4-5.[7]

The Court does not consider Defendants' Motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6); *see also* ECF No. 19 at 13. Defendants assert that they filed a Motion to Dismiss under Rule 12(b)(6) "based on the language of the complaint without bringing forth evidence that would turn this into a judgment on the pleadings or motion for summary judgment." ECF No. 25 at 9 n.2. "It is Defendants' desire simply to have this suit dismissed so it can make a coverage decision while preserving defenses that can be waived if overlooked." *Id.* Additionally, in Defendants' response to Plaintiffs' Cross-Motion for Partial Summary Judgment, Defendants argue that there is a genuine issue of material fact

---

[7]  *See Staples*, 176 Wash.2d at 410; *Kogan v. Allstate Fire & Cas. Ins. Co.*, No. C15-5559 BHS, 2016 WL 772846, at *1 (W.D. Wash. Feb. 29, 2016); *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash. 2d 411, 191 P.3d 866 (2008); *Tran v. State Farm Fire & Cas. Co.*, 136 Wash. 2d 214, 961 P.2d 358 (1998); *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wash. 2d 372, 535 P.2d 816 (1975); *Smith v. Farmers Ins. Co. of Washington*, 137 Wash. App. 1018 (2007) (unpublished); *Albee v. Farmers Ins. Co. of Washington*, 92 Wash. App. 866, 967 P.2d 1 (1998).

regarding whether Plaintiffs cooperated with Defendants' investigation. ECF No. 28 at 2-7. At the hearing on this matter, Defendants' counsel no longer pressed that Plaintiffs failed to cooperate with the investigation and submit to recorded statements.

Accordingly, the Court denies Defendants' Motion to Dismiss insofar as it relates to cooperation and does not consider Defendants' Motion under the summary judgment standard.

### C. Independent Medical Examination

Defendants argue that Plaintiffs prematurely filed suit because they failed to first attend Independent Medical Examinations (IMEs). ECF No. 11 at 7-8. Defendants state that they require IMEs to determine whether the injuries claimed are related to the accident because the injuries are serious in nature as opposed to the low speed nature of the impact and lack of damage to the vehicle. ECF No. 25 at 6. Plaintiffs assert that Defendants have never actually scheduled the IMEs. ECF No. 19 at 6.

Submission to an IME falls within the duty to cooperate. *See Staples*, 176 Wash.2d at 411. As discussed above, the duty to cooperate issue will not be considered by this Court on a motion to dismiss when a motion for summary judgment is more appropriate so that the Court can consider evidence outside the

pleadings.[8]  Defendants reaffirmed their intent to file a motion to dismiss, not judgment on the pleadings or motion for summary judgment.  ECF No. 25 at 9 n.2.[9]  Accordingly, the Court will not consider Defendants' Motion as a motion for summary judgment and denies Defendants' IME argument because the Court requires evidence outside the Plaintiffs' Complaint to make a determination.

The Court also notes that whether it considers the issues of failure to cooperate and submit to IMEs under the motion to dismiss or motion for summary judgment standard is irrelevant because the Court grants Plaintiffs' Motion for Partial Summary Judgment on these issues below.

### D. Punitive Damages

Defendants also insist that Plaintiffs' request for punitive damages has no relation to the current matter.  ECF No. 11 at 8-9.  In the Complaint, Plaintiffs seek "punitive damages for Allstate's intentional, willful, & wanton conduct, which occurred in Los Angeles."  ECF No. 1 at ¶ 7.3.  Plaintiffs admit that their statement

---

[8]  Notably, the case cited by Defendants to emphasize the importance of IMEs prior to filing suit is a motion for summary judgment.  *See Smith*, 137 Wash. App. at 1018.

[9]  At the hearing, Counsel invited the Court to convert the motion to dismiss into one for motion for summary judgment.  The Court declines the invitation.

mistakenly identifies "Allstate" rather than "Safeco." ECF No. 19 at 12-13. Yet, Plaintiffs assert that its statement clearly details that decisions in this case were made by Safeco adjusters and investigators working out of Safeco's office in Los Angeles, California. ECF Nos. 19 at 12-13; 1 at ¶ 5.4. Defendants respond that if Plaintiffs choose to amend their Complaint to make allegations against a party in this suit, rather than Allstate, Defendants would withdraw this portion of their Motion to Dismiss. ECF No. 25 at 10.

Under Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012).

Here, the Court grants Plaintiffs leave to amend their pleading to clarify their punitive damages request. The Court also notes that while Plaintiffs assert diversity jurisdiction, they do not allege an amount in controversy. *See* ECF No. 1 at ¶ 2.7. Plaintiffs state that their insurance policies provide for $10,000 in PIP

benefits, with a total PIP of $50,000. *Id.* at ¶ 3.5. Plaintiffs also request a total award of damages to include treble damages, actual costs, hourly attorney fees, and expert fees, but Plaintiffs do not specify the requested amount. *Id.* at ¶ 5.3. While it is likely that Plaintiffs are able to meet the amount in controversy, they still must specify this amount. The Court grants Plaintiffs leave to amend their Complaint to properly plead jurisdiction.

### E. Show Cause Order

Plaintiffs request the Court issue an order to show cause under Rule 11(c)(3) requiring Defendants' counsel to show why his false statement of facts has not violated Rule 11(b). ECF No. 19 at 2-3, 20-21. Plaintiffs argue that Defendants' counsel should be sanctioned for filing a pleading containing false statements of fact known to be untrue and failing to correct such statements when given multiple opportunities. ECF Nos. 19 at 3; 20-7 (Ex. 7). Plaintiffs also note that Defendants failed to file their pleadings in 14 point font according to Local Rule 10.1(a)(2). ECF No. 19 at 3. Plaintiffs express concern that Defendants are "trying to manufacture a failure to cooperate defense" and "defeat Plaintiffs' legitimate claims and dismiss their case based on deliberate lies perpetrated by a member of the Washington bar …." *Id.* at 20-21. Defendants respond that Plaintiffs' request for a show cause order is a waste of the Court's time and is unnecessary because Defense counsel has not made any false statements. ECF No. 25 at 10.

The Court notes Plaintiffs' concerns and objections, but declines to administer sanctions or a show cause order. The Court finds that requiring an order to show cause is not necessary when there are disputed issues of fact and Plaintiffs' concern of their "legitimate claims" being defeated by "deliberate lies" was not realized because the Court denied Defendants' Motion. Accordingly, the Court denies Plaintiffs' request.

Counsel are reminded to read and follow the Local Rules of this Court, http://www.waed.uscourts.gov/sites/default/files/localrules/Local_Rules-20160127.pdf , including the rule on civility LR 83.1(k).

## II. Motion to Strike Defendants' Reply

Plaintiffs filed a Motion to Strike Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss. ECF No. 30. Plaintiffs allege that Defendants' reply brief impermissibly contains evidence submitted and arguments raised for the first time on appeal. ECF Nos. 30 at 2; 33 at 2-3. Plaintiffs argue that the reply brief relies on testimony and evidence outside of the Complaint and the Court should thus strike the Defendants' reply brief and refrain from considering the evidence or arguments raised when ruling on the Motion to Dismiss. ECF No. 30 at 2.

The Court finds that even when considering Defendants' reply brief, the Court still denies Defendants' Motion to Dismiss as the duty to cooperate is best

addressed on a motion for summary judgment. The Court then need not consider Plaintiffs' Motion to Strike as the issues they raise are moot.

The Court notes that it will consider factual statements and evidence asserted by Defendants in their reply in regards to Plaintiffs' Cross-Motion for Partial Summary Judgment because evidence and testimony outside of the Complaint is permissible. Plaintiffs only objected to Defendants' reply insofar as it relates to the Court's decision on Defendants' Motion to Dismiss. *See* ECF Nos. 30 at 2; 33 at 3. Defendants incorporated the facts from their reply brief in their response to Plaintiffs' Motion and the Court will consider these alleged facts and evidence below. *See* ECF No. 28 at 2.

### III.    Cross Motion for Partial Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*. The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## A. Recorded Statements and Examination under Oath

Plaintiffs assert that there is no genuine issue of material fact regarding their cooperation. ECF No. 19 at 19. Plaintiffs insist that they presented for recorded statements with Ms. Johnson on October 25, 2017. *Id.* at 14. Defendants then only requested a further statement by Ms. Holinbeck, which she presented for on December 11, 2017. *Id.* at 14-15.

Defendants respond that there is an issue of fact whether Plaintiffs cooperated with Defendants' requests for recorded statements and were prejudiced. ECF No. 28 at 2. Defendants allege that Ms. Holinbeck refused to have the minor children's statements recorded and emphasize that Plaintiffs' counsel cut off Ms. Holinbeck's statement. *See* ECF Nos. 25 at 4-5; 28 at 3; 26 at ¶¶ 13-14; 26-6 at

36-38 (Ex. F).  Defendants contend that Plaintiffs' attorney refused to allow Ms. Johnson to reschedule the recorded statement so she could finish asking questions regarding the minor children's injuries.  ECF Nos. 28 at 3; 26-6 at 36-38 (Ex. F).

Defendants then argue that reasonable people could find that Plaintiffs failed to cooperate with Defendants' investigation when Plaintiffs' attorney prevented Ms. Holinbeck from finishing her recorded statement.  ECF No. 28 at 3-4. Defendants assert that "Plaintiffs' argument that Ms. Holinbeck … cooperated with Defendants' investigation simply because she showed up for her recorded statement is tantamount to arguing an insurer must conduct its investigation on the insured's terms."  *Id.* at 4.  Defendants contend that they were prejudiced because they were forced to request an EUO at a later date to obtain more information, but had to respond to the Plaintiffs' IFCA complaint without the EUO or a completed statement.  *Id.* at 4-5.  Defendants insist that reasonable minds could differ as to whether refusing to allow the recorded statements of the minor Plaintiffs constituted cooperation with Defendants' investigation.  *Id.* at 5.

Plaintiffs reply that Defendants completed the statements of the three minor children, the recorded statements of Ms. Holinbeck and Mr. Rosales, and Ms. Holinbeck's EUO long before Plaintiffs filed suit.  ECF No. 34 at 5.  Plaintiffs argue that sending an IFCA notice is not bringing "legal action," but merely puts the insurer on notice of its alleged bad faith actions before the insured can file suit.

1   *Id.* at 5 n.2.  Plaintiffs emphasize that Defendants were in possession of Ms.

2   Holinbeck's EUO over one month before Plaintiffs filed suit.  *Id.* at 6 n.3.

3   Plaintiffs assert that they complied with the Defendants' requests for statements

4   and an EUO.  *Id.* at 6.

5        Plaintiffs argue that they objected to the minor children's statements being

6   recorded and Defendants agree with the request, but Plaintiffs fail to provide

7   evidence for this assertion.  *Id.*  Plaintiffs note that they produced the minor

8   children for statements long before filing suit, and that nothing in the insurance

9   contract gives Defendants a right to record the children's statements.  ECF Nos. 34

10  at 6-7; 11-1 at 42-43.  Plaintiffs also allege that there is no evidence of fraud, but

11  they are being profiled because they are minorities.  ECF No. 34 at 7.  Plaintiffs

12  contend that this profiling and intimidation is a common theme of cases where

13  Defendants' counsel are retained.  *Id.* at 7-8.

14       The Court finds that commencement of legal action occurred on January 23,

15  2018 when Plaintiffs filed the instant suit, not on November 16, 2017 when

16  Plaintiffs filed an IFCA 20 day notice.  The IFCA contains a mandatory claim

17  notice requirement prior to filing suit.  RCW 48.30.015(8)(a).  It is a 20 day period

18  that allows "the insurer to correct violations before suit is filed."  *Norgal Seattle*

19  *P'ship v. Nat'l Sur. Corp.*, No. C11-0720RSL, 2012 WL 1377762, at *4 (W.D.

20  Wash. Apr. 19, 2012).  "If the insurer fails to resolve the basis for the action within

the twenty-day period after the written notice, … the first party claimant *may bring the action* without any further notice." RCW 48.30.015(8)(b) (emphasis added). While the notice shows an intent to file a lawsuit, it does not constitute a legal action. The statute makes clear that the action is brought *after* the 20-day notice period. Here, Plaintiffs waited even longer and filed suit over two months after sending Defendants the IFCA notice, and Defendants then had additional time to cure any alleged violations. The Court finds that the legal action commenced on January 23, 2018.

The Court determines that even if Ms. Holinbeck failed to cooperate by cutting short her interview with Ms. Johnson, Ms. Holinbeck reappeared and submitted a further statement on December 11, 2017 prior to the commencement of the legal action. ECF Nos. 1 at ¶ 3.18. Defendants are then unable to claim actual prejudice because they did not suffer an identifiable detrimental effect on their ability to evaluate or present their defenses. *See Staples*, 176 Wash.2d at 410. Defendants had Ms. Holinbeck's completed statements on December 11, 2017 and the legal action did not commence until over a month later. Defendants were then not prejudiced in their ability to present their defenses, as they have her recorded statements. The fact that these recorded statements occurred after Plaintiffs filed the IFCA notice does not prejudice Defendants when they had the information before the legal action.

In regards to recording the minor children's statements, the Court finds that this is not a requirement under the Policy and thus Plaintiffs did not breach their duty to cooperate. The Policy requires that a person seeking coverage must "[s]ubmit … to examination under oath and subscribe the same." ECF No. 11-1 at 42. An insured is then only required to give an oath and attest to the accuracy of the examination by signing one's name.[10] There is no mention that the examination must be recorded. The Court then finds that Plaintiffs met their duty to cooperate by allowing the minor children to make statements, and a recording is not required by the Policy. The Court also notes that Defendants fail to establish how they are prejudiced by not having the minor children's statements recorded when they have the recorded statements of Ms. Holinbeck and Mr. Rosales.

Accordingly, the Court finds that there is no genuine issue of material fact as to whether Plaintiffs cooperated by submitting to examinations prior to the filing of their legal action.

**B. Insurance Medical Examinations**

Defendants emphasize that a factfinder could determine the very act of filing suit prior to Defendants' completion of their investigation constituted non-

---

[10] *See* Merriam-Webster Dictionary, *https://www.merriam-webster.com/dictionary/subscribe* (last visited May 11, 2018).

cooperation.  ECF No. 28 at 5.  Defendants assert that they requested IMEs, but the process of obtaining medical records is not instantaneous and Defendants were working diligently to obtain a complete set of records when Plaintiffs filed suit.  *Id.*

Plaintiffs insist that Defendants never scheduled the IMEs despite Plaintiffs' multiple requests.  ECF No. 34 at 8.  On December 19, 2017, Defendants confirmed that they would be setting IMEs for all five of the insureds.  ECF No. 35-1 at 3 (Ex. 1).  On February 21, 2018, Defendants notified Plaintiffs that they will soon be setting IMEs once they had gathered all of the medical records.  *Id.* at 7.  On March 14, 2018, Plaintiffs' counsel wrote to Defendants, requesting that they schedule dates and times for Plaintiffs' IMEs.  *Id.* at 18.  On March 22, 2018, Defendants stated that they will soon be setting up IMEs.  *Id.* at 11.  On April 18, 2018, Plaintiffs again asked for Defendants to schedule the IMEs.  *Id.* at 20.

Defendants briefing suggests that it is self-evident that a suit cannot be filed until IMEs have been performed, but Defendants' counsel could not explain when the IMEs would occur, why they were not scheduled before all medical records were obtained while the injuries were fresh, or why a records review could not be done post-IME, rather than pre-IME.

Plaintiffs emphasize that they provided Defendants with stipulated medical authorizations on November 16, 2017, and did not file suit until January 23, 2018.  ECF No. 34 at 9.  Plaintiffs then argue that Defendants had over two months to

obtain medical records and schedule IMEs. *Id.* Plaintiffs insist that allowing the issue of failure to cooperate to go to the jury would have a chilling effect on a PIP insured's ability to promptly recover injury benefits and violates the purpose of PIP, which is non-fault coverage for prompt payment of medical treatment. *Id.* at 10.

The Court finds the fact that an IME was not performed prior to filing suit does not amount to a breach of the cooperation clause when Plaintiffs agreed and requested the IMEs on multiple occasions. The Court notes that Defendants first requested an IME on December 19, 2017 and Plaintiffs filed suit a little over a month later. ECF Nos. 1 at ¶ 3.20; 27-3 (Ex. C). The Court recognizes the time it may take to obtain medical records and schedule IMEs. Yet, finding that an insured could not seek coverage or file suit prior to an insurer's scheduling an IME would unduly prejudice the insured in this situation. An insured would be at the mercy of an insurer who prolongs the IME process so that it does not have to promptly pay medical expenses or allow the insured to seek recourse by filing a lawsuit.

Here, Defendants had four months to schedule the IMEs after the accident and before Plaintiffs filed suit, and Defendants cannot claim prejudice and failure to cooperate when Plaintiffs made it clear that they wished to cooperate with the IMEs. Defendants inconvenience of not having the IMEs now after nine months is

outweighed by the prejudice to Plaintiffs if they were unable to file suit because Defendants have not made a determination on their claim or paid their medical bills. The Court finds that Defendants are unable to meet their burden of showing that Plaintiffs substantially breached the cooperation clause by filing suit prior to completing the IMEs when Defendants have not scheduled the IMEs. Accordingly, the Court finds that there is no genuine issue of material fact to establish that Plaintiffs failed to cooperate by not waiting longer for Defendants to schedule the IMEs.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 11) is **DENIED**.

2. Plaintiffs are granted leave to amend their Complaint regarding the amount in controversy, typographical errors and punitive damages. Plaintiffs shall file an Amended Complaint **within 14 days** of this Order.

3. Plaintiffs' Cross-Motion for Partial Summary Judgment (ECF No. 19) is **GRANTED**.

4. Plaintiffs' Motion to Strike (ECF No. 30) is **DENIED as moot**.

5. Plaintiffs' Motion to File Supplemental Briefing (ECF No. 37) is **DENIED as moot**.

6. Despite that the Court has not conducted its Rule 16 Scheduling Conference, pursuant to Federal Rule of Civil Procedure 26(d)(1), formal discovery is now allowed.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 15, 2018.



THOMAS O. RICE
Chief United States District Judge